**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-60407-CIV-GAYLES/TURNOFF

SPRINT SOLUTIONS, INC., SPRINT
COMMUNICATIONS COMPANY L.P., and
BOOST WORLDWIDE, INC.,

    Plaintiff,

v.

WIRELESS WORKSHOP LLC and
CHRISTOPHER A. FOX,

    Defendants.
_____/

## **ORDER**

    Plaintiffs Sprint Solutions, Inc., Sprint Communications Company L.P., and Boost Worldwide, Inc. (collectively "Sprint") have filed this action against Defendants Wireless Workshop LLC ("Wireless Workshop") and Christopher A. Fox ("Fox") (collectively "Defendants") alleging multiple claims arising out of Defendants' allegedly wrongful use of Sprint's trademarks and copyrights.

    Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or to Transfer Venue [ECF No. 15]. For the reasons set forth below, the Court GRANTS Defendant's request to transfer venue and declines to address the issues related to personal jurisdiction.

1

## BACKGROUND[1]

Defendants request that the Court transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404 (a), and argue that the Southern District of Ohio is a more convenient forum for all parties because: (1) the majority of the key witnesses reside in or near Ohio, (2) Florida is not Sprint's home forum, and (3) there is little connection between the issues in this action and Florida. Sprint opposes transfer and argues that the Court should not disturb its chosen forum because (1) its counsel are located in Florida, (2) Defendants conducted business in Florida for at least one year, (3) one of Wireless Workshop's contractors resides in Florida, and (4) Wireless Workshop has customers in Florida. [2]

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." The Court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

"Once a court finds an action could have been brought in the transferee forum, the court must weigh various factors . . . to determine if a transfer . . . is justified." *Game Controller Technology LLC v. Sony Computer Entertainment America LLC,* 994 F.Supp.2d 1268, 1272 (S.D. Fla. 2014) (citation and internal quotation marks omitted). These public and private interest factors include:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of

---

1 In making its ruling, the Court relies on both the allegations in the Complaint and the record evidence submitted by the parties following jurisdictional discovery.

2 Because the Court is transferring this action, it makes no ruling as to whether it lacks personal jurisdiction over the Defendants or if venue is improper, as opposed to inconvenient, in this district.

> unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). Defendants bear the burden to establish that transfer is appropriate. *Game Controller,* 994 F.Supp.2d at 1272.

Sprint does not dispute that it could have brought this action in the Southern District of Ohio. With those considerations in mind, the Court addresses the public and private interest factors.

### A. Convenience of Witnesses

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 239 (E.D.N.Y. 2006)) (internal quotation marks omitted). "The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1362 (S.D. Fla. 2001) (citation omitted). When considering parties' proposed witnesses, "the witnesses' actual knowledge relative to the instant dispute, and the location and convenience of the witnesses are important considerations." *Microspherix LLC v. Biocompatibles, Inc.*, No. 11-80813, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012).

Sprint and the Defendants have identified several primary witnesses including Fox, his business partner Nick Kelata ("Kelata"), former business partner Dwanye Cooper ("Cooper"), and current or former Wireless Workshop contract employees. Fox, Cooper, and two contract employees, Anthony Williams and Lee Johnson, all reside in Ohio. Kaleta, who helped Fox and Cooper develop Wireless Workshop, resides in Indiana. Steven Edds, a contract employee, resides in Kentucky. Matt Novak and Trevor Brill, both former employees, live in Tennessee and Colorado

3

respectively.  Stoney Lawson, a support technician, is the only identified Florida witness with direct knowledge of Defendants' activities.  Sprint also identifies hundreds of Wireless Workshop's online customers who reside in Florida as potential witnesses.

Defendants have identified specific witnesses with actual knowledge relative to the issues in this case. Most of those witnesses currently reside in Ohio or in the neighboring states of Indiana and Kentucky.  All but one of Defendants' witnesses live significantly closer to Ohio than to Miami, such that it would be much more convenient for those witnesses if this litigation is held in Ohio rather than in the Southern District of Florida. *See In re TS Tech U.S. Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.").

Although Sprint identifies Wireless Workshop's Florida customers as witnesses, it is unclear whether these witnesses have actual knowledge relative to the nationwide issues in this case. *See Game Controller Technology LLC,* 994 F.Supp. 2d at 1273 ("[V]ague references to potential witnesses without specific reference to the accused products or an explanation of the relevant testimony to be provided are not sufficient to support transfer.").  In addition, Defendants' website did not target any particular geographic area. The Court has no reason to assume that Florida is the only state where Defendants had customers.  Weighing the parties' submissions, the Court concludes that the convenience of the witnesses – particularly those integrally involved in the Defendants' business and activities -- favors transfer.

### B. Location of Relevant Documents and Ease of Access to Sources of Proof

This factor, relating to access to documents, is generally neutral given that the electronic storage and transfer of documents between litigants has become the norm. *See, e.g. Microspherix*, 2012 WL 243764, at *3 ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant."). In this action, however, the only people with access to Wireless Workshop's stored electronic information are located in Ohio and Indiana and Wireless Workshop's servers are located in Ohio. "[I]n infringement cases, it makes sense that the bulk of the relevant evidence usually comes from the accused infringer and in such cases this factor weighs in favor of transfer to the place where the defendants documents are kept." *Capitol Records, LLC v. Videoegg, Inc.*, 611 F.Supp.2d 349, 368 (S.D.N.Y. 2009). As a result, this factor weighs slightly in favor of transfer.

### C. Convenience of Parties

The Defendants have shown that conducting this litigation in the Southern District of Ohio would be more convenient to them. Fox resides in Ohio and none of the parties are Florida residents. Sprint argues that its counsel is located in West Palm Beach, Florida. This, however, is "'generally not an appropriate consideration in a 1404(a) transfer motion.'" *Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007) (quoting *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973)). Therefore, the Court finds the convenience of the parties weighs in favor of transfer

### D. Locus of Operative Facts/"Center of Gravity"

"Typically, the locus of operative facts in intellectual property infringement cases is where the allegedly infringing product was developed." *Seal Shield v. Otter Products, LLC*, No. 6:13-cv-967-Orl-37DAB, 2013 WL 6017330 at *3 (M.D. Fla. Nov. 13, 2013). The key decision makers for

5

Wireless Workshop are located in Ohio and Indiana. The record reflects that Fox and his business partners, Nick Kaleta and Dwayne Cooper, began developing Wireless Workshop in 2011, while Fox was residing in Ohio. Although Sprint contends otherwise, there is not enough evidence to suggest that Florida has a greater connection to the alleged infringement than Ohio.

In addition, Wireless Workshop is web-based and has no retail storefronts. While some of Wireless Workshop's customers reside in Florida, "[t]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Seal Shield, LLC v. Otter Products, LLC,* 2013 WL 6017330, *3 (M.D. Fla. Nov. 13, 2015) (quoting *In re Acer Am. Corp.,* 626 F.3d 1252, 1256 (Fed.Cir. 2010)). Accordingly, this factor weighs in favor of transfer.

### E. Availability of Process

The majority of the witnesses with knowledge of this action are Wireless Workshop employees and therefore Defendants should be able to procure their attendance. However, a few key witnesses, including one of the founding members of Wireless Workshop, are no longer affiliated with the company. These witnesses reside in Ohio (Cooper and Williams), Tennessee (Novak), and Colorado (Brill). At a minimum, the Southern District of Ohio will have subpoena power over some of these witnesses. Therefore, this factor weighs in favor of transfer.

### F. Relative Means of the Parties

Although the Court does not have complete financial data for both parties, it has enough information to discern a significant difference in the means of the parties. Sprint is one of the largest wireless networks in the United States. Wireless Workshop has less than ten employees. Fox, lives in Ohio and runs two other businesses there. It will be a significant burden on the Defendants to

litigate in Florida. Sprint, on the other hand, has similar litigation already pending in Ohio, suggesting little to no burden on Sprint in the event of transfer. Accordingly, this factor weighs in favor of transfer.

### G. Forum's Familiarity with Governing Law

In addition to Sprint's federal trademark infringement claims, Sprint asserts several Florida law claims. Though Sprint suggests that this factor weighs against transferring this action, this Court is confident in the Southern District of Ohio's ability to interpret and apply Florida law. Accordingly, this factor is neutral.

### H. Weight Accorded a Plaintiff's Choice of Forum

The movant seeking a venue transfer has the burden to establish that a transfer is warranted, and a plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Elite Advantage LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)) (internal quotation marks omitted). However, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Cellularvision*, 508 F. Supp. 2d at 1189 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). The Southern District of Florida is not Sprint's home forum. Therefore, the Court gives little weight to Sprint's choice. At best, this factor is neutral.

### I. Trial Efficiency and the Interests of Justice

Sprint has not argued and there is no reason to believe that the Southern District of Ohio will not be able to handle this action efficiently. Moreover, Florida jurors do not have a significant stake in this litigation. Accordingly, this factor weighs in favor of transfer.

7

## **CONCLUSION**

Upon consideration of the above Section 1404(a) analysis, this Court concludes that the private and public interest factors weigh in favor of transfer to the Southern District of Ohio. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Defendants' Motion [ECF No. 15] is **GRANTED in part**;

(2) this action is **TRANSFERRED** in its entirety to the United States District Court for the Southern District of Ohio; and

(3) the Clerk is directed to mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of April, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE